## Orris v. Pennsylvania Power Co.

*Ralph S. Davis* and *Evans, Ivory & Evans*, for plaintiff.

*Dale Cleland*, for defendant.

*Robert E. Wayman* and *Dickie, McCamey, Chilcote & Robinson*, for additional defendant.

WEISS, J., January 22, 1958.—The question herein involved comes before the court upon a statement of facts that have been agreed to by defendant and the additional defendant, McDonald Engineering Company. As stated in defendant's brief:

### Facts

"Plaintiff, Anne Orris, as administratrix of the estate of William G. Orris, deceased, entered suit in Allegheny County, against the Pennsylvania Power Company, a Pennsylvania corporation, whose principal office is located in the City of New Castle, Lawrence County, Pennsylvania, alleging negligence on the part of the Power Company as the proximate cause of the injuries and death of the decedent.

"William G. Orris, at the time of his death, was an employee of the McDonald Engineering Company, a foreign corporation whose principal office is, and at the time of aforesaid accident and death was in the city

of Chicago, Illinois. The McDonald Engineering Company, at the time of the aforesaid accident, was erecting a new rotary cement kiln for the Bessemer Limestone and Cement Company near the city of New Castle, Lawrence County, Pennsylvania. The decedent was at the time of the happening of the accident, engaged in the performance of his duties as an employee of the said McDonald Engineering Company.

"On October 15th, 1956, the Pennsylvania Power Company answered the Complaint of the plaintiff and denied liability. On October 19th, 1957, a Praecipe and Complaint to Join the McDonald Engineering Company was filed by the defendant, Pennsylvania Power Company on the ground that McDonald Engineering Company was solely responsible to the plaintiff for the cause of action declared upon, and to protect its right of contribution in the event that it was judicially determined that the defendant, Pennsylvania Power Company, and the additional defendant, McDonald Engineering Company, were jointly and severally liable to the said plaintiff. The Complaint to Join expressly denied any liability on the part of the Pennsylvania Power Company.

"Service was originally made on the McDonald Engineering Company at the Bessemer Limestone and Cement Company plant in Lawrence County, Pennsylvania, where the McDonald Engineering Company was engaged in the erection of an addition to the Bessemer Limestone Plant. Service was made by the Sheriff of Lawrence County, who was deputized by the Sheriff of Allegheny County.

"Preliminary objections raising questions of service were filed on behalf of the McDonald Engineering Company on November 8th, 1956. On November 29th, 1956, the defendant, Pennsylvania Power Company, petitioned your Honorable Court for an Order authorizing service on the McDonald Engineering Company

under the provisions of. the Act of May 5, 1933, P. L. 364, Article X, sec. 1011, 15 PS §2852-1011(*b*). The Petition, as amended, averred that the McDonald Engineering Company was a foreign corporation not qualified or registered to do business in Pennsylvania, and that it was engaged in business in Pennsylvania at the time of the occurrences of the injuries to the plaintiff's decedent. A Rule was entered by the Court directed to the McDonald Engineering Company to show cause why service should not be made upon the additional defendant at its place of business in Chicago, Illinois by the Sheriff of Allegheny County via registered mail. No answer was filed by the McDonald Engineering Company and its counsel praeciped the matter for argument. It has been stipulated by counsel that the McDonald Engineering Company was doing business in Pennsylvania at the time of the occurrences set forth in the complaint. It has also been stipulated that the deputized service made by the Sheriff of Lawrence County was not a valid service."

### Question Involved

May a corporate trespass defendant sued in a county other than the cause of action county or the county where its principal office is located join, in the same county, as an additional defendant, a foreign unregistered corporation, the cause of action sued on having arisen out of the doing of business by the foreign corporation in Pennsylvania?

### Discussion

Rule 2179 of the Rules of Civil Procedure states:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) the county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

Rule 2198 of the Rules of Civil Procedure states:

"These rules (referring to corporations, etc., as parties) shall not be deemed to suspend or affect the operation of the following Acts of Assembly:

"(6) Section 1011 of the Act approved May 5, 1933, P. L. 364, No. 106, as amended . . ."

Therefore, it is apparent that the sole question before the court is an interpretation of section 1011 of the Business Corporation Law of May 5, 1933, P. L. 364, counsel for defendant contending that it authorizes service in any county in Pennsylvania and counsel for additional defendant contending to the contrary. The section, 15 PS §2852-1011, states:

"A. *Service of process against a qualified foreign* business corporation, upon the Secretary of the Commonwealth, shall be made by the sheriff of Dauphin County by leaving the fee the plaintiff is required by law to pay to the Secretary of the Commonwealth for this service, and two copies of the process at the office of the Secretary of the Commonwealth. The sheriff shall make due return of his service of the process to the court, magistrate, or justice of the peace issuing the same. *Such process may be issued by any court, magistrate, or justice of the peace having jurisdiction of the subject matter of the controversy in any county of the Commonwealth in which the corporation shall have its registered office, or in the county in which the right of action arose.* When legal process against any such corporation has been served upon the Secretary of the Commonwealth, he shall immediately send by mail, postage prepaid, one copy of such process directed to the corporation at its registered office. The fee paid

by the plaintiff to the Secretary of the Commonwealth at the time of the service shall be taxed in the plaintiff's costs, if he prevails in the suit necessitating the service of the process. The Secretary of the Commonwealth shall keep a record of the day and hour of the service of such process on him, and a certified copy of such record shall be sufficient evidence thereof. The service of process on the Secretary of the Commonwealth, under this section, shall be of the same legal force and validity as if the process had been served on the corporation, and the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in the Commonwealth. Where process is issued against any such foreign business corporation by any court of the United States empowered to issue such process under the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process in the same manner as herein provided for process issued by courts of this Commonwealth. Nothing herein contained shall limit or affect the right to serve any process, notice, or demand, required or permitted by law to be served upon a foreign corporation, in any other manner now or hereafter permitted by law.

"B. *Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth* as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth. On petition, alleging conduct of business within the Commonwealth by any corporation not qualified by the Secretary of the Commonwealth or having otherwise designated him as agent for the serv-

ice of process, *the court of the county in which the action is instituted shall authorize service to be made upon the Secretary of the Commonwealth.* Service shall be made by the sheriff of such county, by transmitting to the Secretary of the Commonwealth, and to the defendant at his last known residence or place of business, by registered mail, return receipt requested, a copy of such process, together with a copy of the petition and order of the court, properly certified as such by the prothonotary. The return receipt by the post office department shall be evidence of service under this act. Where process is issued against any such foreign business corporation by any court of the United States empowered to issue such process under the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process in the same manner as herein provided for process issued by courts of this Commonwealth. Nothing herein contained shall limit or affect the right to serve any process, notice or demand, required or permitted by law to be served upon a foreign corporation, in any other manner now or hereafter permitted by law." (Italics supplied.)

As indicated by the italics, there is a distinction between those corporations qualified to do business in Pennsylvania and those not, the former being subject to service in the registered office county or the cause of action county, while the latter is subject to service in the county in which the action is instituted. This distinction indicates, in the court's opinion, that the legislature intended to and did distinguish venue as to qualified and nonqualified foreign corporations. The fact that the same section before its amendment did not contain separate subsections pertaining to qualified and nonqualified corporations and the fact that cases have held that said section applied only to qualified corporations points to the need of this distinction: Nei-

dig v. Century Sprinkler Corp., 60 Dauph. 585 (1950). The court holds, therefore, that valid service may be made by the sheriff of Allegheny County on the McDonald Engineering Company by registered mail directed to the Secretary of the Commonwealth and to the corporation at its principal place of business.

### Order

And now, to wit, January 22, 1958, upon consideration of petition and briefs filed, it is hereby ordered, adjudged and decreed that the rule entered on November 29, 1956, to show cause why service should not be made by the sheriff of Allegheny County is made absolute and service is authorized to be made upon the Secretary of the Commonwealth.

Eo die exception is hereby noted to the additional defendant, McDonald Engineering Company, and bill sealed.